WALTER SALAMON vs. ALFRED E. TERRA, JR.

Plymouth. March 8, 1985. — May 22, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

Contract, Implied, What constitutes, Sale of real estate, Building contract.
Restitution. Unjust Enrichment.

No implied contract requiring the owner of two lots of land to pay a
builder for construction of two partially completed houses erected on
the lots arose from the facts that the houses were constructed pursuant
to written contracts whereby the landowner agreed to sell the lots to the
builder, that the builder agreed to pay the expenses incurred in construc-
tion of the houses and then sell them to third parties, and that both
parties understood that the builder would pay the landowner the balance
of the purchase price for the lots from the proceeds of the house sales.
[859-862]

CIVIL ACTION commenced in the Brockton Division of the
District Court Department on August 31, 1981.

The case was heard by David E. Stevens, J.

The case was submitted on briefs.

Howard G. Guggenheim for the plaintiff.

Talbot T. Tweedy for the defendant.

ABRAMS, J. The plaintiff, a builder, brought an action in a
District Court seeking recovery in quasi contract for two par-
tially completed houses which he had erected on two lots of
land owned by the defendant. Finding that the defendant had
been unjustly enriched, the judge held that a contract implied
in law entitled the plaintiff to recover damages of $15,000,
the value of the benefits conferred on the defendant's property.
The defendant appealed, and the Appellate Division reversed
the judgment and ordered entry of judgment for the defendant.
The plaintiff now appeals to this court.

The facts reported to the Appellate Division by the judge are summarized as follows. In February, 1981, the plaintiff and the defendant entered into two written purchase and sale agreements whereby the defendant agreed to sell two lots to the plaintiff for $9,000 each, $8,500 of which consideration was to be paid on delivery of the deeds in August, 1981. The parties intended that the plaintiff would take possession of the lots by April 15, 1981. The plaintiff would pay for expenses incurred in his construction of the houses and then sell them to third parties. Both parties understood that the plaintiff would pay the defendant the balance of the purchase price for the lots from the proceeds of the house sales.

The builder partially completed the two houses but was unable either to obtain financing to complete them or to find purchasers, due to general adverse economic conditions. Although the dates of performance for the purchase and sale agreements were extended by several months, the builder was unable to pay for the lots. At all times, the owner was ready, willing and able to convey the lots. The judge found that there was neither fraud nor an express or implied promise in fact on the part of the defendant to pay the plaintiff for the value of the partially completed houses on the lots. The judge did find, however, that there was a contract implied in law. The defendant appealed to the Appellate Division. G. L. c. 231, § 108.

On appeal, the Appellate Division determined that the judge's finding of a contract implied in law, or a quasi contract, was erroneous because, even if the defendant was enriched and the plaintiff had suffered a detriment, the evidence did not support the conclusion that either of these results was unjust. The Appellate Division reasoned that no injustice existed where the reasonable expectations of the parties were not defeated. The Appellate Division also stated that there was no basis for a finding that the plaintiff reasonably expected that the defendant would pay for partially completed houses if the plaintiff were unable to perform the contract. The Appellate Division concluded that the plaintiff had entered a speculative commercial scheme, bore the risk of not completing or selling the houses,

and therefore must bear the loss in a period of economic downswing. The plaintiff appealed to this court. G. L. c. 231, § 109.

On appeal the plaintiff argues that the Appellate Division order should be reversed because the evidence supports the judge's finding of a contract implied in law requiring the defendant to pay for the value of the partially completed houses on his property. He contends that the law allows him to recover on a quasi contract theory even where an express agreement existed between the parties covering the sale and purchase of the lots, and where the party asking for damages violated the agreement. He further argues that the evidence also supports the judge's finding that the plaintiff was not at fault in the breach of the contract and that the defendant had knowledge of the improvement of the property, assented to it, and was involved in a venture of common benefit to both parties, and thus should reasonably have expected to pay for it.

A quasi contract or a contract implied in law is an obligation created by law "for reasons of justice, without any expression of assent and sometimes even against a clear expression of dissent . . . . [C]onsiderations of equity and morality play a large part . . . in constructing a quasi-contract . . . ." 1 A. Corbin, Contracts § 19 (1963). It "is not really a contract, but a legal obligation closely akin to a duty to make restitution." *Bloomgarden* v. *Coyer*, 479 F.2d 201, 210 (D.C. Cir. 1973). "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." Restatement of Restitution § 1 (1937). The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other party. See *U.S. Controls Corp.* v. *Windle,* 509 F.2d 909, 912 (7th Cir. 1975); 1 A. Corbin, Contracts § 19A (Supp. 1984). The Appellate Division stated the rule as follows: "The injustice of the enrichment or detriment in quasi-contract equates with the defeat of someone's reasonable expectations." See 1 A. Corbin, Contracts, *supra.*

Generally, if a landowner has requested that a person construct a structure on his or her property, it is reasonably expected that the landowner will pay for the services and benefit

conferred, even if there was no express contract for the con-
struction or if a contract has been violated. *Hayward* v.
*Leonard*, 7 Pick. 181, 185 (1828). See *Vickery* v. *Ritchie*, 202
Mass. 247, 251-252 (1909); *Gillis* v. *Cobe*, 177 Mass. 584,
594-595 (1901). See also 2 G. Palmer, Restitution § 10.7 (*b*)
(1978). The evidence in this case, however, does not support
a conclusion that either party should reasonably have expected
that the defendant would pay for the value of partially com-
pleted houses or expenses incurred by the plaintiff in the build-
ing of partially completed houses on his property. The defend-
ant did not request or even desire that houses be built on
property which he intended to use or to retain. The express
contract manifests just the opposite intention; the defendant
intended to convey the lots to the plaintiff in exchange for
cash. The fact that the plaintiff built two houses on property
owned by the defendant was merely part of the financing ar-
rangement. The defendant had no interest in the value or ex-
pense of the houses, but was interested only in receiving the
balance of the purchase price of the lots. "One cannot, merely
by erecting a house on the land of another, compel him to pay
for it, even if the land is benefited by the erection of the
structure."[1] *O'Connor* v. *Hurley*, 147 Mass. 145, 148 (1888).
See *Glovsky* v. *Holly Point Estates, Inc.*, 354 Mass. 94, 97-98
(1968).

The plaintiff contends that the instant case is distinguishable
from *O'Connor* and *Glovsky* because, in addition to his con-
struction of the houses, the parties mutually assented to the
intent and purpose of the agreements and shared a common
familiarity with the real estate and construction markets. Their
mutual assent to the terms of the express contract does not
negate, however, the fact that there was no agreement that the
defendant would pay for unfinished (or finished) houses on
his land in the event that the plaintiff was unable to fulfil his

---

[1] The defendant has not contested the judge's finding that his property
was benefited by the partially completed houses in the amount of $15,000.
We therefore do not reach the issue whether the houses were, in fact, a
benefit to the property.

contractual obligations. Rather, the judge found that "[b]oth parties understood that the plaintiff would furnish the consideration for the construction of each house." The plaintiff could reasonably have expected that he would be paid for his labor, but both parties understood payment would be made by a third party purchaser of the houses, not by the defendant. The defendant here could not reasonably have been expected to pay for the plaintiff's efforts in what appears to have been a speculative commercial transaction. Although the plaintiff's inability to perform the contract may not have been voluntary, it was his failure to fulfil his duties that caused the violation of the contract. "The rights of the [builder] were lost not through his misreliance upon a supposed legal relationship, not through the intervention of some fact or principle of law unknown to him; but through his failure to meet his own known duties under the contract." *Mikulich* v. *Diltz*, 71 Nev. 115, 118 (1955).

In *LaChance* v. *Rigoli*, 325 Mass. 425, 427 (1950), where the plaintiff, a builder, expected to be paid by the tenants of the land, but not by the owner of the land, we held that the landowner was not liable. Furthermore, as we held in *Glovsky* v. *Holly Point Estates, Inc.*, *supra* at 98, where a builder, with the permission of a seller, undertakes the construction of a house in furtherance of his own objectives (payment for lots from proceeds of sales) and at his own risk, he cannot recover his disbursements.[2] Where services are rendered by one party and voluntarily accepted by another, the presumption that there is an expectation of payment therefor, as well as an implied promise of payment for the reasonable worth of those services, may be rebutted by a showing of strong self-interest in the outcome of the transaction by the party furnishing those services. Compensation on a quasi contract theory is not mandated where the services were rendered simply to gain a business

---

[2] The fact that the parties in *Glovsky*, although intending to sign an agreement, never did, whereas in the instant case an express contract was signed, is inconsequential because the agreement in this case did not require the owner to pay the builder for constructing a house on his property.

advantage or where the plaintiff did not contemplate a personal fee. *Bloomgarden* v. *Coyer, supra* at 211-212. "[C]hagrin, disappointment, vexation, or supposed ingratitude cannot be used as a subsequent basis for a claim for compensation where none was originally intended or expected." *Id.* at 212, quoting *Anderson* v. *Distler*, 173 Misc. 261, 267 (N.Y. Sup. Ct. 1940).

The order of the Appellate Division is affirmed.

*So ordered.*