Lopez, J.
BACKGROUND
In 1969, plaintiff acquired property at 2 Loren Park in Everett, Massachusetts. At that time, a double telephone pole with attached wires was on the plaintiffs property. Defendant New England Telephone (NET) installed and maintained the pole and wires. The wires provided telephone service for defendant Everett Savings Bank (Bank). Plaintiff claims that the poles and wires were illegally on his properly because he had never granted any easement or license to allow this use of his property.
In 1990, plaintiff made written requests to both defendants to have the wires removed. Plaintiff also demanded rent from both defendants for any continued use of his property for the poles and the wires. Plaintiff received no response from either defendant.
In June 1993, plaintiff learned that Massachusetts Electric Company (Mass. Electric) was co-owner of the poles and asked Mass. Electric to remove the poles. Mass. Electric found that the poles were illegally on plaintiffs property and removed them on June 30, 1993. Despite notice to NET of the removal of the poles, *70 NET made no effort to relocate its telephone wires. Once the poles were removed, the telephone wires were left lying on the ground across plaintiffs property.
On August 16, 1993, plaintiff sent a 93A demand letter to NET but received no response. Plaintiff filed the current action claiming trespass against NET (Count I), 93A violation against NET (Count II), and trespass and unjust enrichment against the Bank (Count III).
On December 12, 1994, NET removed the telephone wires which were lying across plaintiffs property.
Before the court is the Bank’s motion for summary judgment, on which this court heard oral argument on May 15, 1997.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates tin essential element of the nonmoving party’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991).
“If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson, supra at 17. The nonmoving party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Plaintiff had no contract with the Bank or with NET. Moreover, under these circumstances, a contract cannot be implied in law, nor can plaintiff rely on the theory of unjust enrichment. “The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other party.” Salamon v. Terra, 394 Mass. 857, 859 (1985). To recover under the theory of unjust enrichment it must be reasonable to expect the party receiving the benefit to pay. Id. at 860. See also Anisgard v. Bray, 11 Mass.App.Ct. 726, 729-30 (1981). It is not reasonable to expect a recipient of telephone services to pay property owners on whose property the utility companies have elected to erect telephone poles and lines. The Bank had no control over the placement of the telephone poles and lines.
Plaintiffs trespass claim also fails because the Bank did not have anything to do with the placement of the telephone poles and wires on plaintiffs property. “A trespass requires an affirmative voluntary act upon the part of a wrongdoer.” United Electric Light Co. v. Deliso Construction Co, Inc., 315 Mass. 313, 318 (1943).
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Everett Saving Bank’s motion for summary judgment be ALLOWED.