Lopez, J.
This is a legal malpractice action arising out of the defendant, Brian M. Flynn’s, representation of the plaintiff, William Person, in an action in the Middlesex Probate and Family Court. The matter is presently before the court on the parties’ cross motions for summary judgment. For the reasons set forth below, the plaintiffs motion for summary judgment is denied and the defendants’ motion for summary judgment is granted.
The relevant facts are as follows. In 1990, the First National Bank of Boston (First National) retained Genealogical Search, Inc. (Genealogical) to locate one Maretta Greer, an heir to a will of which First National was the trustee. The plaintiff, William Person, a former employee of Genealogical, located Greer sometime during September 1990, at which time she was indigent and living at the Pine Street Inn. Person subsequently persuaded Greer to enter into a written agreement with him under which he would retain fifty percent (50%) of her inheritance.[2]
Upon learning that Person had discovered Greer, First National filed a “Complaint for Instructions” in the Middlesex Probate and Family Court to verify Greer’s identity and obtain instructions regarding the distribution of her inheritance given her questionable mental competency.[3] Following a psychiatric evaluation, the court appointed Martha Soshnick as temporary conservator for Greer. In that capacity, Soshnick filed a cross claim against Person seeking to invalidate the contract between he and Greer on the grounds that Greer lacked the requisite competency to enter into a binding contract. Person retained the defendant, Brian M. Flynn, to represent him in the probate court proceeding. The Probate and Family Court, Cohen, J., subsequently declared the agreement between Person and Greer to be null and void.
On November 7, 1994, Person filed the present action alleging that Flynn was negligent in failing to seek recoveiy in the probate court proceeding on a quantum meruit basis. OnFebruary 18, 1997, the parties filed the cross motions for summary judgment presently before the court. Summary judgment is appropriate when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). See also Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Wheatley v. American Telephone & Telegraph Co., 418 Mass. 394, 397 (1994). The defendants argue that they are entitled to summary judgment because an action for legal malpractice cannot lie for failure to make a claim that had no legal or factual basis. The plaintiff argues in opposition that he was entitled to, and the defendants should have asserted, a quantum meruit claim for his services. The court agrees with the defendants.
“The underlying basis for awarding quantum me-ruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other party . . . The injustice of the enrichment or detriment in quasi-contract equates with the defeat of someone’s reasonable expectations.” Salamon v. Terra, 394 Mass. 857, 859 (1985) (citations omitted) (internal quotation marks omitted). Thus, in order to recover on *262 a theoiy of quantum meruit, the plaintiff would have been required to demonstrate that he had a reasonable expectation of payment from Greer. See id. at 860. In the present case, the plaintiff alleges he should have been entitled to recover for the approximately 473 hours he expended in attempting to locate Greer. At the beginning of that undertaking, however, the plaintiff could not have had any reasonable expectation of payment from Greer because he may have never even discovered her. “[C]hagrin, disappointment, vexation, or supposed ingratitude cannot be used as a subsequent basis for a claim for compensation where none was originally intended or expected.” Id. at 862, quoting Bloomgarden v. Coyer, 479 F.2d 201, 212 (D.C. Cir. 1973). Accordingly, there was no basis for asserting a quantum meruit claim in the underlying Probate and Family Court action as a matter of law.
ORDER
Based upon the foregoing, it is hereby ORDERED that the plaintiffs motion for summary judgment is DENIED and the defendants, Brian M. Flynn and Flynn, Woodworth & Dawley, P.C.’s, motion for summary judgment is GRANTED.

 Pursuant to the inheritance, Greer was to receive approximately $50,000.00 per year for life. At the time Greer was discovered, First National was holding $153,336.19 on her behalf.

 Person and Greer were the named defendants in the action.