NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-569

JAMES MORETTI

vs.

LAURIE A. BRUMGARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, James Moretti, appeals from an order allowing the motion of the defendant, Laurie A. Brumgard, for a directed verdict on Moretti's unjust enrichment and quantum meruit claims.[1]  We affirm.

Background.  We summarize the core facts in the light most favorable to the plaintiff.  See Nickerson v. Flynn-Morris, 103 Mass. App. Ct. 703, 704 (2024).  In 2007, Moretti and Brumgard met, and Brumgard moved in with Moretti about five months later. In October 2009, Brumgard bought a home in Wakefield.  Moretti's name was not on the title, and he did not contribute to the down

_____

[1] Moretti also appeals the judgment on the jury verdict on his conversion claim, speculating that the jury might have found that Brumgard converted his property if the judge had not granted the motion for a directed verdict on his unjust enrichment claim.  Because we conclude that the judge did not err by directing the verdict, we do not reach this argument.

payment on the home. Moretti contributed $1,000 per month to the mortgage payments for seven to eight months.[2] Brumgard paid over $150,000 toward the mortgage during the time they lived at the Wakefield home.

Moretti orally promised that he would renovate the Wakefield home to compensate for Brumgard's financial investment. He did not formalize this arrangement because it was motivated by his love for Brumgard and desire to make the Wakefield property "a nice home for [her] to live in." He renovated parts of the home, including replacing the front walkway, re-flooring the living room, and installing new cabinets. All building materials were purchased with Brumgard's credit card. Moretti testified that he reimbursed Brumgard for the cost but did not specify an amount or produce any documentary evidence to buttress his testimony.

In January 2013, Brumgard sold the Wakefield home and bought a home in Middleton for about $525,000. Moretti was not listed on either the purchase and sale agreement or the mortgage settlement statement for the Middleton home. Brumgard made the down payment, at least in part, using proceeds from the sale of

---

[2] Moretti testified that he paid up to $8,000, but he did not produce any documentary evidence and Brumgard testified he paid nothing. We recite the evidence in the light most favorable to Moretti.

the Wakefield home.  Moretti made some renovations to the Middleton home, including painting, landscaping, and re-tiling.

In or around 2015, Moretti and Brumgard's relationship became strained.  Brumgard eventually moved to Canada for work, while Moretti continued to live at the Middleton home without paying rent until the relationship ended in 2018.  Moretti retrieved some of his personal property from the Middleton home and left other personal property.

Discussion.  "In reviewing a motion for a directed verdict, we construe the evidence in the light most favorable to the nonmoving party and disregard that favorable to the moving party."  Nickerson, 103 Mass. App. Ct. at 708.  We evaluate "whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be made in favor of the [nonmovant]."  Id., quoting Parsons v. Ameri, 97 Mass. App. Ct. 96, 105 (2020).

"A claim in quantum meruit is closely related to a claim for unjust enrichment."  Sugarman & Sugarman, P.C. v. Shapiro, 102 Mass. App. Ct. 816, 820 n.7 (2023), citing Salamon v. Terra, 394 Mass. 857, 859 (1985).  However, they are two distinct causes of action with different requirements.  We agree with the trial judge that the evidence was insufficient to support either claim.

3

1.  Unjust enrichment.  "Unjust enrichment occurs when a party retains the property of another against the fundamental principles of justice or equity and good conscience" (quotation and citation omitted).  Bonina v. Sheppard, 91 Mass. App. Ct. 622, 625 (2017).  "The plaintiff must establish not only that the defendant received a benefit, but also that such a benefit was unjust.  Whether the benefit was unjust turns on the reasonable expectations of the parties."  (Quotations and citations omitted.)  Id.  Further,

> "[i]f two persons have formerly lived together in a relationship resembling marriage, and if one of them owns a specific asset to which the other has made substantial, uncompensated contributions in the form of property or services, the person making such contributions has a claim in restitution against the owner as necessary to prevent unjust enrichment upon the dissolution of the relationship."

Id., quoting Restatement (Third) of Restitution and Unjust Enrichment § 28(1) (2011).

Here, Moretti argues that his renovations to the two homes were "substantial contributions" that more than compensated Brumgard for the value of his living in the homes, thus unjustly enriching her at his expense.  He claims that his renovations resulted in a higher sale price for the Wakefield home, as well as an increase in value for the Middleton home.  However, the evidence does not support Moretti's assertions.

4

Moretti presented no evidence to establish either the value of his labor or what he spent out-of-pocket for the materials, purchased on Brumgard's credit cards, used to renovate the homes. Nor did he present competent evidence that any appreciation in value to either home was due to his contributions. Instead, he merely offered photographs of the homes and his own opinion of the Middleton home's value. On the other hand, there was uncontroverted evidence that Brumgard spent an estimated $450,000 on mortgages, utilities, and building materials for the two homes. Even if we accept that Moretti paid $1,000 per month for the first eight months at the Wakefield home, he otherwise lived rent free for roughly eight years in Brumgard's homes. Moreover, there was no evidence that Moretti expected to be compensated for any services he rendered. To the contrary, Moretti testified repeatedly that he renovated Brumgard's properties because he "love[d] her," not because he thought that the renovations entitled him to a stake in the home.[3] Cf. Bonina, 91 Mass. App. Ct. at 622-626 (plaintiff professional contractor contributed "countless hours" of his own

---

[3] Moretti asserts that the judge erroneously imposed an additional element on his unjust enrichment claim because the judge referred to Moretti's lack of expectation of compensation. We conclude that the judge applied the correct standard and properly considered Moretti's expectations at the time he rendered his services. See Bonina, 91 Mass. App. Ct. at 625.

labor and over $250,000 in renovations, maintenance, and mortgage payments).

We therefore discern no record evidence to support a reasonable inference that Brumgard retained Moretti's property "against the fundamental principles of justice or equity and good conscience" (citation omitted). Santagate v. Tower, 64 Mass. App. Ct. 324, 329 (2005).

2. Quantum meruit. To recover under a theory of quantum meruit, the plaintiff must prove that (1) he conferred a measurable benefit upon the defendant; (2) he reasonably expected compensation from the defendant; and (3) the defendant accepted the benefit with the knowledge, actual or chargeable, of the plaintiff's reasonable expectation. Finard & Co., LLC v. Sitt Asset Mgt., 79 Mass. App. Ct. 226, 229 (2011).

Here, there was evidence that Moretti conferred a benefit on Brumgard. Although Brumgard paid professional contractors and landscapers who contributed to many of the renovations, Moretti himself renovated parts of the homes, including landscaping, painting, and tiling. However, as discussed above, Moretti did not expect to be compensated for his labor, rather he did the work because he loved Brumgard and wanted the homes they shared to be "nice." To the extent Brumgard accepted the benefit of Moretti's contributions to the homes, there was no expectation of monetary compensation for his work of which she

6

should have been aware.  Thus, Moretti could not recover under a theory of quantum meruit.

The judge did not err by allowing the defendant's motion for a directed verdict on the unjust enrichment and quantum meruit claims.

Judgment affirmed.

By the Court (Hand,
  Hershfang & Brennan, JJ.[4]),

Assistant Clerk

Entered:  April 3, 2024.

---

[4] The panelists are listed in order of seniority.