# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

PETER DANE *vs.* EDWARD G. CORMIER. June 2, 1972. Dane seeks to recover for the medical expenses, incurred by him, of treating his wife for automobile accident injuries. Dane operated the automobile. His wife was a passenger. There were verdicts for Cormier on counts for Dane's own injuries and property damage and for Dane on a count for his wife's medical expenses. The wife had recovered a verdict on a count for her injuries. These verdicts established the negligence of both Dane and Cormier and that the wife was not barred from recovery by negligence on her part. Nothing in the bill of exceptions indicates that she was liable for or paid the medical bills or is seeking to recover for them. Cormier argues an exception to the judge's refusal to instruct that the husband's negligence barred his recovery of his wife's medical expenses. If the wife binds herself for her own incurred medical expenses, she may recover them and also for any provable future medical expenses. *Kenyon* v. *Vogel,* 250 Mass. 341, 344. *Cassidy* v. *Constantine,* 269 Mass. 56, 57. See *Thibeault* v. *Poole,* 283 Mass. 480, 483. Under these and other decisions, the husband, as one responsible for his wife's necessary medical care, may recover for such expenses already incurred by him, if neither he nor his wife has been negligent. See *Saltzberg* v. *Lumbermens Mut. Cas. Co.* 326 Mass. 351, 354. Where, however, his own negligence is established, a majority of the court are of opinion that he cannot recover from a negligent third person for the "impoverishment of his estate" (see the *Saltzberg* case, at 354) because of treating his wife's injuries to which he has contributed. See Prosser, Torts (4th ed.) 893–894; Harper & James, Torts, §§ 22.1 (p. 1194, n. 6) and § 23.8 (p. 1280); Gilmore, Imputed Negligence, 1 Wis. L. Rev. 193, 257, 259. The majority decline to follow the contrary intimations in *Patusco* v. *Prince Macaroni, Inc.* 50 N. J. 365, 372–373. This case arose prior to the amendment of G. L. c. 231, § 85, by St. 1969, c. 761, § 1 (see also § 2), and is not thereby affected.

*Exceptions sustained.*
*Judgment for defendant on*
*count 3.*

*Kendall Burford* for the plaintiff.
*Joseph F. Sawyer, Jr.,* for the defendant.