ANTONE COELHO & others[1] *vs.* CATHERINE COELHO.

Bristol. January 18, 1974. — July 17, 1974.

Present: HALE, C.J., ROSE, GOODMAN, GRANT, & ARMSTRONG, JJ.

*Trust,* Constructive trust, Resulting trust.

In a suit in equity by children of a deceased woman against a daughter of the decedent, the facts respecting a parcel of real estate, title to which on its purchase was taken in the name of the daughter and which was paid for partly by the mother, and partly by the daughter, who obtained a mortgage loan for her part of the purchase price and subsequently made payments on that loan and paid for some improvements of the real estate, did not establish that the real estate had been held by the daughter on either a constructive trust or a resulting trust in favor of the mother. [434-436]

---

[1] Albert Coelho, James Coelho and Mary Fonseca.

BILL IN EQUITY filed in the Superior Court on May 13, 1970.

The suit was heard by *Taveira, J.,* on a master's report.

*David Entin* (*Jeffrey S. Entin* with him) for the plaintiffs.

*Benjamin M. Gottlieb* for the defendant.

ROSE, J. This is an appeal from a decree which dismissed a bill in equity brought to establish the plaintiffs' interests as tenants in common with the defendant in a parcel of property located at 56 Miller Street in Fall River. The parties are children of Maria Coelho, who died intestate in 1969.

The case was referred to a master who found as follows: The property was purchased in July of 1956, and title was taken in the name of the defendant, Catherine Coelho. Maria Coelho, the mother of the parties to this case, paid $4,000 of the $8,500 purchase price, and Catherine paid the balance, taking out a mortgage on the property for $4,500. For some time after the purchase Maria lived on the property with her son, Manuel, two of her daughters, Catherine and Mary, and Mary's husband. Household expenses were shared, Mary and Maria each paying half the cost of food and oil while Catherine paid the telephone bills and the installments on the mortgage. Mary and her husband bore the cost of certain improvements to the house, including the construction of a garage, but all other improvements to the property were paid for by Catherine. Upon Manuel's death, the proceeds from his insurance were applied to pay off the mortgage taken out by Catherine.

After Maria's death, Mary and her husband moved out of the house. Catherine gave them a living room furniture set as compensation for their interest in the house and received permission from Mary to sell the property. The master found that the parties considered the house to be Catherine's property and concluded that it was in fact her property.

The plaintiffs here argue that the master's conclusion that the property is owned by the defendant is inconsistent with, and contradicts, his subsidiary findings that "[i]t was the opinion of the mother, Maria deSilva Coelho, that title had to be taken in the name of her daughter since the mother at that time was sixty (60) years of age and . . . believed that the bank would not give her a mortgage because of her age" and that this belief was "not true." The plaintiffs' contention is that the transaction gave rise to a constructive trust in favor of the mother.

A constructive trust is imposed in order to avoid the unjust enrichment of one party at the expense of another where legal title to the property is obtained (a) by fraud or (b) in violation of a fiduciary relation or (c) where information confidentially given or acquired is used to the advantage of the recipient at the expense of the one who disclosed the information. *Barry* v. *Covich*, 332 Mass. 338, 342 (1955). *Kelly* v. *Kelly*, 358 Mass. 154, 156 (1970). There was no finding from which it could be inferred that any of the three above-stated conditions was met. Nor was a conclusion that the property was impressed with a constructive trust compelled simply by a finding that one of the contributors to its purchase acted upon a mistaken belief of fact. The cases of *Eddy* v. *Eddy*, 281 Mass. 156 (1932), and *McDonald* v. *MacNeil*, 300 Mass. 350 (1938), cited by the plaintiffs, are not in point because there was no finding in the case at bar that the defendant exercised undue influence over her mother.

The plaintiffs do not allege (nor do the findings of the master establish) the existence of an express trust in the property, but certain statements in their brief may be understood as arguments that the land was impressed with a resulting trust in favor of the mother. Maria did not, however, pay the entire purchase price of the property (Catherine made some payments on the mortgage) and there were no findings which would justify a conclusion that her contribution was made on any under-

standing or under any agreement that she would receive a fixed fractional interest in the property. It follows that the plaintiffs have failed to establish the existence of a resulting trust (see *Moat* v. *Moat,* 301 Mass. 469, 472-473 [1938]; *Druker* v. *Druker,* 308 Mass. 229, 230-231 [1941]) and are not entitled to a conveyance in their favor.

*Decree affirmed.*