Meagher, J.
The appellant, William Passaro (hereinafter Passaro), is aggrieved by the trial court’s voluntary ruling that ‘William Passaro’s abandonment of a construction project on June 13,1988 is a violation of M.G.L. Chapter 93A” As a result of this ruling the trial court awarded treble damages against Passaro as well as attorneys’ fees.
While a party may not appeal from a ruling of law obtained by an opponent, Slate v. DiTocco, 1984 Mass. App. Div. 249, an aggrieved party may appeal from a *30 trial judge’s voluntary rulings of law. Mackenzie v. Auto Supermart, Inc., 1986 Mass. App. Div. 165. However, because we find support for the ruling in the findings, the report is dismissed.
FACTS
The appellant, Passaro, and the appellee, Ward and Ward Development Corporation (hereinafter, W.W.D.C.) entered into an agreement in March of 1988. Passaro agreed to renovate W.W.D.C.’s three family property located in Alisten. The agreement specified that the cost of the renovation would be $45,000 and that the work would be completed by June 1,1988. Between March and June 12,1988, W.W.D.C. paid a total of $33,134.00, incrementally, to Passaro. Passaro did not, however, complete the renovation work by June 1, 1988. On June 12, 1988, Passaro informed W.W.D.C. that he was leaving for Italy the next day for a three-month vacation. Pas-saro abandoned the project and never completed the agreed upon work.
PROCEDURAL BACKGROUND
This case has a complicated procedural background (which is set forth in the Appendix). For the purposes of our review, Passaro has requested a report claiming to be aggrieved by the court’s finding that he violated M.G.Lc. 93A and by the denial of his post-judgment motions which attack that finding.
THE c.93A VIOLATION
As part of its prima facie case, W.W.D.C. had to plead and prove that the defendant is engaged in trade or commerce. The court’s Amended Finding of Fact number 1 which states ‘William Passaro is a general contractor with a residence and principle [sic] place of business at 39 Grovers Avenue, Winthrop, Suffolk County, Massachusetts” indicates that the court found that Passaro was engaged in trade or commerce.
To satisfy the requirements of §11, W.W.D.C. also had to plead and prove that it was engaged in trade or commerce. G.L.c. 93A, §11 (as amended by St. 1989, c. 580). Amended Finding of Fact number 2 indicates that the court found W.W.D.C. to be a business plaintiff:
Ward and Ward Development Corporation (the corporation) is a Massachusetts corporation with its principal place of business at 131 State Street, Suite 900, Boston, MA.
Finally, W.W.D.C. had to plead and prove that Passaro committed an unfair or deceptive act or practice. G.L.c. 93A, §2 (a) (1984 ed.). Section 11 provides for a private cause of action for an unfair act to any person engaged in trade or commerce who suffers a loss as a result of the employment by another engaged in trade or commerce. Commonwealth v. DeCotis, 366 Mass. 234, 241 (1974). ‘The existence of unfair acts and practices must be determined from the circumstances of each case.” Id. at 242.
Chapter 93A does not contain a definition of the term “deceptive.” Deceptive conduct will be a violation of c. 93A even if it is not actually false, as long as it is likely to mislead a plaintiff acting reasonably under the circumstances. M. GILLERAN, THE LAW OF CHAPTER 93A, §4:4 (1989).
In the instant case, the trial court made numerous findings of fact from which both unfair and deceptive acts may be inferred. Amended Findings of Fact 20, 22, 23 and 61 indicate that the trial court found Passaro’s representations that he would complete the renovation by June 1,1988, and his agreement to do so were deceptive. Amended Findings of Fact 39 through 46, 59, 60 and 61 indicate Pas-saro’s commission of unfair acts as a result of his failure to complete the work he had been hired to do.
Amended Finding of Fact 61 states that “Passaro knew or should have known that his failure to complete the work as agreed to and within the agreed time *31 period would cause significant monetary harm to the corporation.”
We turn to the question whether Passaro’s unfair or deceptive acts attained a “level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.” Lewings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504 (1979). When a defendant’s acts are so unfair as to meet the “rascality test” above, a section 11 violation is established. There is more than a simple breach of contract in this case. See Madan v. Royal Indemnity Co., 26 Mass. App. Ct. 756, 764 (1989). Passaro breached his duties of good faith and fair dealing by agreeing to complete the renovation by June 1,1988, carrying out only a portion of the renovation before abandoning the job and going to Italy for three months while knowing that W.W.D.C. could not place the property on the market for sale or rental in June of 1988, that W.W.D.C. would be forced to hire additional subcontractors to complete the renovation and would have to obtain additional financing and expend additional sums to finish the renovation. (Court’s Amended Findings of Fact 55,57, 58, 59 and 61). Passaro’s abandonment meets the “rascality test.”
There being no errors of law, the trial court’s judgment in favor of Ward and Ward Development Corporation and its denial of Passaro’s post-judgment motions is hereby affirmed. The report is dismissed.
APPENDIX
This action began as a suit for services rendered and materials provided by the plaintiff, Bruce Sladen, d/b/a Sladen Electric, Inc., to the defendant/appellant, Passaro. The plaintiff sought payment from Passaro for $6,717.64 for labor and materials expended on the W.W.D.C.’s renovation project. Passaro, as the general contractor for the renovation, had retained the plaintiff to do certain electrical work on the project. Passaro in turn commenced a third party action against the Wards individually and W.W.D.C. seeking any damages and costs adjudged against him in favor of the plaintiff and an additional $20,805 for work that he maintained he performed outside of the agreement.
The Wards, individually, in their Answer and Counterclaim, denied that they had entered into any agreements with Passaro. W.W.D.C., in its [Fourth] Amended Answer and Counterclaim, denied that it owed any money to Passaro. W.WD.C.’s Counterclaim set forth claims against Passaro for breach of contract, fraud and violation of c. 93A, §11.
After a trial on the merits, Passaro and W.W.D.C. submitted timely Requests for Findings of Fact and Conclusions of Law. In addition, W.W.D.C. was granted leave by the court to submit lute Requests for Findings of Fact.
Judgment entered for the plaintiff, Bruce Sladen on his claim against Passaro and judgment entered for the Third Party Defendant, W.W.D.C., on its (Fourth) Amended Counterclaim against Passaro for $7,420. The court trebled this amount since it concluded that Passaro’s conduct amounted to abandonment and that the abandonment was a violation of Chapter 93A Attorneys fees were also assessed against Passaro. Passaro’s Third Party Complaint against the Wards individually and W.W.D.C. was dismissed.
Passaro filed the following post judgment motions:
1. Motion to Strike Findings by the Court;
2. Motion to Alter or Amend Court’s Findings of Fact and Rulings of Law; and
3. Defendants’ Motion to Amend Findings of the Court.
The Motion to Alter or Amend Court’s Findings of Fact and Rulings of Law and the Motion to Amend Findings of the Court were denied. Passaro’s Motion to Strike Findings by the Court was allowed in part and denied in part.
The court issued Amended Findings of Fact and Amended Rulings of Law on *32 August 7,1992. Passaro then filed:
A Motion to Alter or Amend Court’s Amended Findings of Fact and Amended Rulings of Law;
B. Motion to Strike Findings of the Court; and
C. Motion to Alter or Amend Findings of the Court.
The court took no action on the Motion to Alter or Amend Findings of The Court but entered the following order: “Court finds for Ward and Ward Development Corp. on counts one and five of its Counterclaim.” Passaro’s Motion to Alter or Amend Court’s Amended Findings and Amended Rulings of Law and his Motion to Strike Findings of the Court were denied.
The appellant, William Passaro, requested a report to the Appellate Division and sets forth five bases for the report:
(1) the denial of his request for ruling of law, #32;
(2) the denial of his Motion to Alter or Amend Amended Findings of Fact and Amended Rulings of Law;
(3) the denial of his Motion to Strike Findings of the Court;
(4) the denial of Defendant’s Motion to Amend Findings of the Court; and
(5) the ultimate ruling stated in the “Court’s Response to Third Party-Defendants and Plaintiffs in Counterclaim Request for Rulings.” There were six requests. The court’s response included a seventh ruling which had not been requested by the appellees. It reads:
“Court finds that William Passaro’s abandonment on June 13,1988 is a violation of M.G.L. Chapter 93A.”
Regarding (1) above, Passaro labeled request number 32 a request for ruling of law but it is a request for a finding of fact. Although the trial judge did not label it as a finding of fact, he denied it and found facts contrary to those asserted by Pas-saro. It is well settled that a request for a finding of fact is not reviewable. Stella v. Curtis, 348 Mass. 458 (1965).
The post-judgment motions referred to in (2), (3) and (4) above attack the trial court’s finding of a c. 93A violation, which finding we uphold.
The ruling referred to in (5) above was made in the “Court’s Response to Third-Party Defendants and Plaintiffs in Counterclaim Request for Rulings.” The ruling was not requested by the Appellees. It is discussed in the opinion.