CHARLES D. COLLINS *vs.* BETHANY GUGGENHEIM.

Middlesex. March 10, 1994. - April 28, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Trust*, Constructive trust. *Real Property*, Conveyance. *Fiduciary*.

Where a man cohabited with a woman for six years on a farm she owned
and made financial contributions to the household and the farm's oper-
ations, but the parties never married, he was not entitled to receive an
equitable interest in the farm or an accounting of monies received by
the farm after the parties' mutual separation in 1986 [617-618]; nor
was he entitled to a declaration that the farm was held in constructive
trust for his benefit and an order compelling the woman to convey title
to them both as tenants in common, where there was no basis for a
finding of fraud, breach of fiduciary duty or other misconduct [618].

CIVIL ACTION commenced in the Middlesex Division of the
Probate and Family Court Department on September 22,
1989.

The case was heard by *James M. Sweeney*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Alan S. Geismer, Jr.*, for the plaintiff.

*Stephen M.A. Woodworth* (*Peter E. Heppner* with him)
for the defendant.

NOLAN, J. From findings of fact (derived largely from a
stipulation of facts) made by the trial judge, we learn that
the plaintiff (Collins) and defendant (Guggenheim) began to
cohabit in 1977 in Belmont, though they never were married
to each other. Guggenheim had been married earlier and di-
vorced and had two daughters from that marriage.

In 1979, they decided to move to a farm in Templeton,
which Guggenheim had received in 1976 as part of her di-
vorce settlement. They planned to restore and develop this

sixty-eight acre farm which at that time had a fair market value of $10,670. The eighteenth century house (c. 1740) was quite primitive, with no indoor plumbing, no central heating and no insulation.

In 1979, Collins and Guggenheim received a bank mortgage loan of $68,000 and an unsecured loan of $4,000 for renovation of the farm. Collins and Guggenheim became jointly liable for the loans and jointly paid principal and interest as well as real estate taxes and insurance. They moved to the farm permanently in August of 1979 with Guggenheim's children. They maintained a joint checking account from which they paid all the expenses of the farm. Each maintained a separate and individual checking account from which funds were transferred to the joint account.

With the proceeds from the loans, the parties also built a second house connected to the farm house and a barn. Just prior to opening the joint account, the parties purchased a tractor and accessories for $3,000, of which Guggenheim contributed $900 and Collins contributed $2,100. Collins also paid from his own funds for certain improvements and equipment to the extent of $8,000 which are still at the farm in Guggenheim's possession. They jointly developed part of the farm (approximately four acres) into a "pick-your-own" raspberry patch, which they operated at no profit for several years.

Their decisions concerning the farm, its financing and operation were jointly made "in an atmosphere of mutual trust." However, at no time was there any agreement, promise, or contract to transfer title to the farm to their joint names.

In 1985, tensions between the parties began to arise. As a result, Collins left the farm in 1985 and did not return to live there until the spring of 1986. While away from the farm, Collins continued to make his monthly contributions to the joint account. An attempt to reconcile their personal difficulties failed and they mutually agreed to separate when Collins left the farm in December, 1986. Thereafter, he made no further contributions to the joint account. Guggenheim has

since that time paid all the expenses of the farm. Total contributions to the farm between June, 1979, and December, 1986, by Collins were $55,100, and by Guggenheim $44,570.

Collins brought a complaint against Guggenheim in September, 1989, seeking, among other things, a declaration that Guggenheim was a constructive trustee of the farm and an order compelling Guggenheim to convey title to him and to her as tenants in common. In the alternative, Collins seeks an amount equal to his equitable interest in the farm and an accounting of all monies received by Guggenheim from the farm since 1986.[1]

The trial judge dismissed the complaint, ruling that there was no constructive trust, no fiduciary relationship between the parties and that Collins' payments "were not conditioned upon any agreement to give him an interest in the real estate or to share with him any increase in the value of the property." Collins appealed. We took the case from the Appeals Court on our own motion. See G. L. c. 211A, § 10(A). We affirm the order of dismissal.

Collins's argument is two pronged. First, he argues that we should adopt the rule in Oregon, though he concedes that his equitable claim is not recognized in Massachusetts. Collins proposes that we treat his relationship with Guggenheim as if they had been married. In *Shuraleff* v. *Donnelly*, 108 Or. App. 707 (1991), the Oregon Court of Appeals held that an equitable distribution of property was in order after a fourteen-year period of cohabitation which included a business relationship in the development of a farm.

Cohabitation in Massachusetts does not create the relationship of husband and wife in the absence of a formal solemnization of marriage. *Davis* v. *Misiano*, 373 Mass. 261, 262 (1977). We have not permitted the incidents of the marital relationship to attach to an arrangement of cohabitation

---

[1]It appears that the plaintiff might continue to be liable under the joint mortgage note though the note was a ten-year note dated 1979 and hence it may be paid. He did not seek relief from this obligation in his complaint, nor does he argue for such relief on appeal. Therefore, we do not address the question.

without marriage. See *Feliciano* v. *Rosemar Silver Co.*, 401 Mass. 141, 142-143 (1987). We have never recognized common law marriage. However, quite apart from this long-standing rule of nonrecognition of marital rights in cohabitation, Collins fails to make out a case for equitable relief.

Collins' second prong is a constructive trust. Absent fraud, breach of a fiduciary duty or other misconduct, we shall not impose a constructive trust. *Barry* v. *Covich*, 332 Mass. 338, 342 (1955). The judge found that there was no fraud, breach of fiduciary duty, or other misconduct.

In short, there is no claim cognizable under equity which supports Collins' position. Accordingly, the order of dismissal is affirmed.

*So ordered.*