Toomey, J.
*266 INTRODUCTION
This action arises out of the termination of the parties’ three-year relationship during which both parties cohabited in plaintiffs home. The relationship ended in 1992, when defendant vacated the residence. Plaintiff seeks to recover certain personalty which she alleges defendant wrongfully removed from her residence. Plaintiff further seeks to recover compensation for personal services she allegedly rendered to defendant and to recover monies defendant allegedly wrongfully removed from their joint bank accounts.
Defendant has asserted counterclaims against plaintiff. In Count III, defendant seeks return of an engagement ring he gave to plaintiff. In Count IV, defendant asserts that he contributed substantial sums of money and labor to maintain and improve plaintiffs residence, for which contributions he seeks to recover the reasonable value of his services, viz, $20,000.
Plaintiff, defendant in counterclaim, now seeks summary judgment on Counts III and IV of defendant’s, plaintiff in counterclaim’s, counterclaim. A hearing was held on December 2, 1994, and both parties have submitted memoranda and affidavits. For the reasons set forth below, plaintiffs, defendant in counterclaim’s, motion for summary judgment is Allowed as to Count IV and Denied as to Count III.
BACKGROUND
Maria and Walter[1] resided together in Maria’s home from May 1989 until July 21, 1992. Maria had held title to the premises in her own name since 1971. At some point, tensions arose between the parties and on July 21, 1992, without prior notice to Maria, Walter vacated the premises. Walter asserts that, before he moved into the residence, the parties agreed to divide evenly the household expenses. Walter further asserts that he provided substantial materials, labor, and money toward maintaining and improving the residence, based on his understanding that the parties would be married. Walter alleges that the reasonable value of his services is $20,000.
In answers to interrogatories Walter admitted that there was no final agreement regarding the work to be performed or any compensation to be paid. Walter stated that all such work was “done in anticipation and to the end of our living together for the rest of our lives as husband and wife.” In his affidavit dated October 13, 1994, Walter repeated that all of the work was done with the understanding and upon the belief that the parties were to be married. Walter further averred that he would not have done the work had he known they would not be married.
On or about August 20, 1989, Walter gave Maria an emerald engagement ring.[2] Walter contends that he gave Maria the emerald ring, as well as other jewelry, on the condition that the parties would be married. Maria counters that there was no concrete agreement between the parties to marry, and bases her argument on Walter’s deposition testimony that the parties had not planned their wedding. Walter testified in his deposition that Maria’s attitude varied and sometimes she talked about marriage and sometimes she said they would not be married.
It is undisputed that, if an engagement did in fact exist, Walter terminated that engagement. Walter asserts that he terminated the relationship because of Maria’s untoward behavior and alcohol abuse.
DISCUSSION
A. Claim for Services (Count IV)
Massachusetts does not recognize common law marriage and does not permit the incidents of marriage to attach to cohabitation relationship absent the solemnization of a marriage ceremony. Collins v. Guggenheim, 417 Mass. 615, 617-18 (1994). In order to recover, Walter must establish that the circumstances in this case are such that this court should recognize that there was a contract implied in law. A contract implied in law is based upon considerations of equity and morality and is imposed to prevent unjust enrichment to one party and unjust detriment to another. Salomon v. Terra, 394 Mass. 857, 859 (1985). To recover under this theory, the party seeking compensation must have expected compensation and the circumstances must be such that it was reasonable to expect the party receiving the benefit to pay. Id. at 860; see Ansigard v. Bray, 11 Mass.App.Ct. 726, 729-30 (1981) (contract implied where plaintiff expected to be paid and informed defendants of value of his services).
In Salomon, plaintiff was a builder who had agreed with defendant to purchase certain unimproved lots. The agreement permitted the plaintiff to construct houses on the lots and to pay the purchase price to defendant out of the proceeds the plaintiff would receive when he sold the improved lots to third parties. Salomon, 394 Mass, at 858. The builder was unable to complete the houses due to lack of financing and thus did not effect the purchase from the defendant. Id. The plaintiff sought to recover from the defendant for the benefit he had conferred on the properly by virtue of the partially constructed houses. Id. The court acknowledged that, in general, when a landowner requests someone to make improvements to his or her property, it is reasonable to expect the owner to pay for the benefit conferred, even if there is no express agreement to do so. Id. at 859-60. The court concluded, however, that, in the case before it, the owner did not request the plaintiff to construct houses on the lot and the circumstances were such that neither party could reasonably have expected the defendant to pay for the construction. Id. at 860. The court noted that a showing of strong self-interest in the outcome *267 may be indicative that there was no expectation of payment. Id. at 861.
Similarly, in Loew v. Denaro, 362 Mass. 853 (1972), the court denied recovery under a quantum meruit theory. There, the plaintiff had rendered services in the expectation that his efforts would lead to the formation of a partnership with the defendants. Id. The court stated that unless there was an understanding between the parties that the plaintiff would be compensated if negotiations were not successful, the plaintiff could not be compensated “for services rendered on his own initiative in anticipation of a binding contract.” Id.
In the present case, Walter has failed to produce any evidence that, at the time he rendered the services, he expected compensation. Walter conceded in his affidavit that he performed the work on Maria’s house in anticipation of the parties’ living together as husband and wife. Thus, Walter performed the services, not in the expectation of compensation, but out of self-interest, in the expectation that he would continue to reside in the house as Maria’s husband. Like the plaintiff in Loew, Walter donated his services in anticipation of the parties’ marriage. Because there is no evidence that the parties agreed that Walter would be compensated if the marriage did not materialize, Walter cannot recover. “(C]hagrin, disappointment, vexation, or supposed ingratitude cannot be used as a subsequent basis for a claim for compensation where none was originally intended or expected.” Salomon, 394 Mass, at 862 (quoting Bloomgarden v. Coyer, 479 F.2d 201, 212 (D.C. Cir. 1973)).
Walter also requests that the court impose a constructive trust upon Maria’s real estate. A constructive trust may be imposed to avoid unjust enrichment where legal title to property was obtained: “(a) by fraud or (b) in violation of a fiduciary duty or (c) where information confidentially given or acquired is used to the advantage of the recipient at the expense of the party who disclosed the information.” Coelho v. Coelho, 2 Mass.App.Ct. 433, 435 (1974). In the case at bar, it is uncontested that Maria acquired title to the real estate in 1971 and the parties did not meet until 1988. Maria, therefore, could not have acquired title to the real estate through any wrongdoing with respect to Walter. There is no basis for the imposition of a constructive trust in this case.
Since Walter has not established a genuine issue of fact, proof of which would permit recovery at trial, summary judgment shall be granted in favor of Maria upon Count IV of the counterclaim. Flesner v. Technical Communications Corp., 410 Mass. 805,809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
B. Engagement Ring (Count III)
Where a ring is given in contemplation of marriage, it may be a gift in the nature of a pledge, given upon the implied condition that the marriage occurs. DeCicco v. Barker, 339 Mass. 457, 458 (1959). Where an engagement is terminated without the fault of the donor, he may recover the ring. Id. In the case at bar, Maria asserts that Walter may not recover the ring because he terminated the engagement. Such a broad rule may not be extracted from DeCicco: The person who terminates an engagement is not necessarily “at fault.” Some engagements may be terminated by mutual agreement. Some engagements 'may be terminated by one party because of the other party’s improper behavior, as Walter asserts occurred in the present case. Walter has established the existence of a genuine issue of material fact as to whether he was at fault in the termination of the engagement and, therefore, summary judgment on Count III of the counterclaim must be denied.
ORDER
It is, therefore, ORDERED that Maria’s motion for partial summary judgment is ALLOWED as to Count IV and DENIED as to Count III of Walter’s counterclaim.

Hereinafter, reference to the parties will be by their given names, not because of disrespect, but to render this memorandum a bit more comprehensible.

Plaintiff does not dispute the characterization of the ring as an engagement ring.