Meagher, J.
The defendant seeks review of the Trial Court’s finding for the plaintiff and claims to be aggrieved by the Trial Court’s response to most of its “Requests for Rulings of Law,” so called. The Trial Court made the following detailed findings of fact:
The Court finds that at all relevant times during the creation of the subject contract of insurance, the plaintiff and Bernice Nicolas (the insured) acted in good faith and did everything reasonable and possible under the then prevailing circumstances to provide the defendant true and accurate information relevant to the insured’s health and medical history.
There was no evidence that the defendant trained, supervised or otherwise did anything to ensure that its agent, Mr. Dorrel, carried out his assigned functions of interviewing, examining and honestly filling out required documentation relevant to the health and medical history of the insured. The Court finds that Mr. Dorrel did not personally witness the signature of the insured on the application for insurance, never interviewed, or otherwise examined her.
The Court did not find the testimony of defendant’s agent Leo E. Dorrel credible. The Court was not persuaded as alleged by Mr. Dorrel that he went to the Nicolas home on August 30,1989. Mr. Dorrel had no personal recollection of such a visit to the insured’s home. The Court found credible the testimony of the plaintiff that Mr. Dorrel never came to the house and that the medical documents were filled in by an unknown Black female.
The Court infers that this Black female was sent by Mr. Dorrel’s office, and the plaintiff and insured provided all information requested of them, and signed the application for insurance as directed. The insured was not responsible for filling in Part B of the application of insurance, was not directed to it or informed of its content; under these circumstances, the insured was reasonable in concluding that the authorization of her signature on the required application for insurance and her submission to a physical examination, both orchestrated and controlled by the defendant, met her obligations for a binding contract of insurance with the defendant.
The application for insurance was filled in by the defendant; the plaintiff and the insured merely signed as directed by the defendant. The plaintiff and the insured did all that the defendant asked of them. Defendant knew or could have known on reasonable investigation, the insured’s complete medical his *173 tory. Plaintiff nor the insured did anything to conceal or misrepresent the insured’s medical history.
Defendant’s conduct and the conduct of its agent evidenced a greater desire to sell the policy of insurance rather than the correctness of the procedure for binding the insured under the terms of the policy. Defendant elected to issue the policy of insurance to the insured based on the insured’s state of health at the time the policy of insurance issued.
There was no evidence to warrant a conclusion that the insured’s death was in anyway related to the medical history referenced in the application for insurance.
The Court finds for the plaintiff on Counts I and II of the complaint, and the Court awards actual damages to the plaintiff in the sum of Twenty Thousand Dollars ($20,000.00); Court elects to treble actual damages pursuant to Chapter 93A, total damages of Sixty-Thousand Dollars ($60,000.00).
Attorneys’ fees subject to further hearing at the request of the plaintiff.
A review of the transcript and the exhibits indicates that the Trial Court’s findings are supported by testimony and other evidence. The Appellate Division does not usurp the fact finding role of the Trial Court in such situations. Dist./Mun. Cts. R. Civ. P., Rule 52(a), Worldwide Commodities, Inc. v. J. Amicone Co., 1991 Mass. App. Div. 157, 162; New England Canteen Service, Inc. v. Ashley, 372 Mass. 671, 675 (1977).
The trial judge denied all of the Appellant’s “Requests for Rulings of Law,” so called, except for one, which was the only request which stated a proposition of law rather than a fact or series of facts. The other requests are in reality requests for findings of fact and do not have to be responded to. They present no questions of law. Stella v. Curtis, 348 Mass. 458, 461 (1965); Huikari v. Eastman, 362 Mass. 853 (1972); Sladen v. Passaro, 1994 Mass. App. Div. 29, 32.
The trial judge made “detailed findings of fact upon which his rulings of law were predicated.” Femino v. Andreoli, 1993 Mass. App. Div. 211. Finding no error in the Trial Court’s rulings, the defendant’s appeal is, therefore, dismissed.